█ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JACK WILSON, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, et al., Respondents.— Appeal from an order of Special Term, Clinton County Supreme Court. While appellant was on release under parole he was declared delinquent for a failure to conform with the conditions of the parole and a warrant was issued for his arrest. Before he was retaken by New York authorities he had committed a felony in another State. The proof before the court as to identity of the appellant as the person committing such felony is abundant. The appellant's argument is that since his parole had been terminated because he violated its conditions, the commission of the felony thereafter was not while he was on parole and therefore he does not come within section 219 of the Correction Law making mandatory the service of the maximum unexpired sentence by one committing a felony while on parole. If a parolee commits a felony because of the freedom allowed by parole, even though he has been declared delinquent and he has not yet been rearrested, he comes within the scope of this section. The section cannot sensibly be read to mean that a man who has violated his parole and then committed a felony is to have more favorable treatment than a man who has committed a felony while on parole without previously violating conditions of parole. The only consistent way it can be read is to mean that the commission of a felony made possible by release on parole and before the State has been able physically to retake the prisoner, requires the service of the full maximum sentence unexpired at the time of parole, subject to the ameliorating conditions which the board may allow in pursuance of section 219. Order unanimously affirmed. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.