■ The People of the State of New York ex rel. Leroy Hayes, Appellant, v New York State Department of Correctional Services, Respondent. [910 NYS2d 728]—

Appeal from a judgment of the Supreme Court, Wyoming County (Mark H. Dadd, A.J.), entered August 7, 2009 in a habeas corpus proceeding. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Supreme Court properly dismissed the petition seeking a writ of habeas corpus. Petitioner contends that,

because he was incarcerated when he committed the assault underlying the parole violation charges, he was not on parole and therefore could not violate his parole. We reject that contention (*see People ex rel. Wilson v Jackson*, 2 AD2d 638 [1956]). As a parolee, petitioner remained in the legal custody of the Division of Parole "until expiration of the maximum term or period of sentence, or expiration of the period of supervision, including any period of [postrelease] supervision, or return to the custody of [respondent]" (Executive Law § 259-i [2] [b]). Thus, petitioner was on parole despite the fact that he was incarcerated when he committed the assault in question. Present—Martoche, J.P., Sconiers, Green and Pine, JJ.